IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HAROLD DEWHURST, et al,** | : | |
| | : | |
| Plaintiffs, | : | Case No. C2:09-cv-1033 |
| | : | |
| v. | : | **JUDGE MARBLEY** |
| | : | |
| **CENTURY ALUMINUM CO., et al.,** | : | Magistrate Judge Abel |
| | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss or Transfer These Proceedings to the Southern District of West Virginia (Dkt. 9).[1] Defendants Century Aluminum Company, Century Aluminum of West Virginia, Inc., Century Aluminum Master Welfare Benefit Plan, and Does 1 through 20 (collectively "Century Aluminum"), filed suit in the Southern District of West Virginia on November 2, 2009, involving substantially similar issues and parties to the above-captioned case. On November 13, 2009, Plaintiffs Harold Dewhurst and David Bryan, on behalf of themselves and all other persons similarly situated, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC (collectively "Dewhurst"), filed this suit alleging that Century Aluminum violated the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA"), the same acts that are at issue in the West Virginia

---

[1] In filing its Response in Opposition to the Motion to Dismiss or Transfer, Plaintiffs' also filed an unopposed Motion for Leave to File Excess Pages (Dkt. 27). That Motion is hereby **GRANTED**.

case. For the reasons stated below, this Court **GRANTS** Century Aluminum's Motion to Transfer.

## II. BACKGROUND

This is a class action (a motion for class certification was filed by Dewhurst on December 16, 2009) brought by retirees and their beneficiaries of Century Aluminum Company's Ravenswood Plant ("CAWV") regarding a reduction in medical benefits.

On October 19, 2009, CAWV announced that it would be changing and/or terminating the medical benefits currently available to CAWV Retirees, effective January 1, 2010. Upon receiving the announcement, the retirees, through their union (USW and Local No. 5668), made clear that they intended to pursue legal action, claiming that the reduction violated their collective bargaining agreements in violation of the LMRA and ERISA. On November 4, 2009, in anticipation of this litigation, Century Aluminum filed a Complaint in the Southern District of West Virginia seeking a declaratory judgment as to its rights under the LMRA and ERISA.

On November 13, 2009, Dewhurst filed a Complaint in this Court, alleging in Count One that CAWV's reduction in benefits violates the LMRA, and in Count Two that the reduction violates ERISA.

On December 4, 2009, Century Aluminum filed a Motion to Dismiss or Transfer the action to the Southern District of West Virginia, where their Declaratory Judgment Complaint was first-filed. Century Aluminum alleges that the Southern District Ohio is not the proper forum for this suit because the only plant at issue is the Ravenswood plant. Century Aluminum Company, CAWV's parent company headquartered in Monterey, California, does not own or operate any plant or facility in the State of Ohio. Many of the key decision makers in the benefits reduction and negotiation, including human resources staff, benefit administrators, plant

managers, and members of the Union negotiating team, reside in West Virginia. Furthermore, 81.1% (365) of the CAWV retirees live in West Virginia, while only 16.7% (75) reside in Ohio, and of those 16.7%, 93% live closer to the Charleston, West Virginia Courthouse than the Columbus, Ohio Courthouse (including the two named Plaintiffs). Finally, Plaintiff USW is located in Pittsburgh, Pennsylvania, and the Local No. 5668 is located in Ravenswood, West Virginia.

The Century Aluminum Ravenswood plant provided retiree medical benefits pursuant to collective bargaining agreements and medical benefit plans that are unique to the Ravenswood plant. These benefits were administered by the Human Resources personnel at the Ravenswood plant. The majority of the documents, including the collective bargaining agreements, minutes from negotiations, retiree communications, and employee files, involved in the litigation are maintained at the Ravenswood plant.

On December 16, 2009, Plaintiffs filed a Motion for Preliminary Injunction. Under the local rules, Defendant's Response to the Preliminary Injunction will be due on January 6, 2010, after the proposed benefit changes go into effect. This Court addresses the Motion to Transfer prior to the Preliminary Injunction, as given the Court's ruling to transfer the case to the Southern District of West Virginia, it would be improper for the Court to engage in any analysis of the legal issues in this case.

### III. LAW AND ANALYSIS

Century Aluminum argues that this case should be dismissed or transferred to the Southern District of West Virginia under the first-to-file rule. In the alternative, Century Aluminum argues that even if the first-to-file rule does not apply here, the case should be

transferred pursuant to 28 U.S.C. § 1404(a) which enables a district court to transfer any civil action to any other proper district or division for the convenience of parties and witnesses or in the interests of justice. This Court determines that transfer is proper under the first-to-file rule, and therefore does not conduct an analysis under 28 U.S.C. § 1404(a).

### 1. First-to-File Rule

The first-to-file rule is composed of three factors that courts must address in determining whether to apply the rule: "1) the chronology of the actions; 2) the similarity of the parties involved; and 3) the similarity of the issues in each case." *BSI Industries, Inc. v. Q.B. Johnson Mfg., Inc.*, No. C2-08-276, 2009 WL 349143, *2 (S.D. Ohio Feb. 6, 2009). District courts have discretion in determining whether to apply to the first-to-file rule. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). Factors that weight against application of the rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Id.* at 551-52.

In this case, all three factors are resolved in favor of applying the first-to-file rule. First, it is undisputed that Century Aluminum filed a Declaratory Judgment Action in the Southern District of West Virginia prior to Dewhurst filing this action. Second, the similarity of the parties is also undisputed, as the putative retiree class and their union representatives are the same, as is the Century Aluminum Company. Third, it is undisputed that both suits deal with substantially similar issues: that is whether the proposed medical benefit changes for retirees violate the LMRA and ERISA.

The Dewhurst Plaintiffs make no factual allegations or assertions that support a finding Century Aluminum has engaged in procedural fencing, inequitable conduct, bad faith, or forum

shopping. Nor do they allege that Century Aluminum filed in a district that has a weak nexus to the issues in the litigation (and, in fact, the case appears to have an extremely strong nexus to West Virginia). This is in contrast to *AmSouth Bank v. Dale*, where the Sixth Circuit found procedural fencing due to the fact that the parties were engaged in active settlement discussions up until and during the time that the declaratory judgment was filed, and a tolling agreement had been signed by the parties. 386 F.3d 763, 787 (6th Cir. 2004). While this Court does not encourage a race to the courthouse, it also abides by the "well-established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network*, 511 F.3d at 551.

Finally, Plaintiffs cite to several cases from the Northern District of Ohio for the proposition that under the first-to-file rule, the court in which the first suit was filed decides which case should go forward. *See Cavaliers Operating Co. LLC v. Ticketmaster,* 2007 WL 317584 (N.D. Ohio Oct. 30, 2007). While it may be appropriate in some cases for the district court in which an action was first filed to determine which case should go forward, there are several factors in this case that counsel against such an approach. Given that all of the factors for the first-to-file test are met, the strong ties in this litigation to West Virginia, and the very weak ties to Ohio, the appropriate venue for this case is the Southern District of West Virginia. If this Court were to wait for the Southern District of West Virginia to make a determination on transferring the case, Dewhurst's Preliminary Injunction Motion would not be heard until after

the New Year, and after the changes in benefits at issue in this case have already gone into effect.[2]

Century Aluminum's Motion requested the Court to either dismiss or transfer Dewhurst's Action. Given that there are only ten days prior to the reduction in benefits change taking effect, this Court finds that it is in the interests of justice to transfer the action rather than to dismiss, such that the Preliminary Injunction Motion filed by Dewhurst remains pending in this case.

## V. CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss or Transfer (Dkt. 9) is hereby **GRANTED**. The above-captioned case is transferred to the Southern District of West Virginia.

**IT IS SO ORDERED.**

                                             s/Algenon L. Marbley
                                             **UNITED STATES DISTRICT COURT**

**DATE:** December 23, 2009

---

[2] Furthermore, this Court's belief that the appropriate venue is the Southern District of West Virginia, counsels against engaging in a legal analysis of the Preliminary Injunction Motion. When this Court can decide a procedural matter that still allows for the Southern District of West Virginia to rule on the Preliminary Injunction prior to January 1, 2010, it avoids an unnecessary substantive intrusion into our sister court's jurisdiction.